# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**MIRIAM DEANE**,

    Plaintiff,

v.                                                               2:23-cv-710-JLB-NPM

**HARTFORD INSURANCE COMPANY
OF THE MIDWEST**,

    Defendant.

---

## ORDER

In this Hurricane-Ian-insurance-coverage case, defendant Hartford Insurance seeks enforcement of a subpoena duces tecum (without deposition) directed to Panther Public Adjusting, LLC seeking its entire file pertaining to plaintiff Miriam Deane's property. Panther Adjusting acknowledged receipt of the subpoena and posed no objection to producing the requested file. However, it intends to charge a $0.50 per digital page fee for "the time etc. spent compiling" the documents. (Doc. 17-2 at 1). Despite multiple inquiries, Panther Adjusting refuses to provide the number of pages to be produced, instead broadly asserting that it "can be anywhere from several hundred pages to several thousand." (Doc. 17-2 at 3). And it maintains that it will not produce the documents unless Hartford Insurance agrees to pay this unknown cost. Hartford Insurance believes this is unreasonable and has offered to pay $0.15 per page. Hartford Insurance now asks the court to determine a reasonable

fee for production of the documents. (Doc. 17). But the court is not able to address the issue.

A party serving a subpoena for production of documents "may move the court for the district where compliance is required for an order compelling production[.]" Fed. R. Civ. P. 45(d)(2)(B)(i). Hartford Insurance's subpoena directed Panther Adjusting to produce the documents to defense counsel's Miami office, which lies in the Southern District of Florida. Thus, Hartford Insurance initiated its motion in the wrong venue. The Southern District can transfer the motion to this court only if it finds exceptional circumstances or upon Panther Adjusting's consent. Fed. R. Civ. P. 45(f). Accordingly, Hartford's motion (Doc. 17) is **denied without prejudice**.

Of course, this route seems unnecessary. This court handles hundreds of Hurricane Ian cases like this one, and public adjusters routinely produce their entire file to the insurer without incident or court involvement. But here, Panther Adjuster seems uninterested in such cooperation, instead engaging in what appears to be unreasonable gamesmanship and profiteering. Indeed, a fee of $0.50 per digital page for time spent compiling documents makes little sense because Hartford Insurance seeks production of Panther Adjusting's entire file about Deane's property. Whether this file is 100 or 1,000 pages, it presumably would take the same amount of time to identify and transmit it in digital form. Plus, if Hartford Insurance is forced to refile

its motion, Panther Adjusting would need to retain counsel to respond and could even be on the hook for discovery sanctions, exposing itself to needless expense.

Panther Adjusting is encouraged to abandon its current approach that is wasting taxpayer dollars by burdening this court (and potentially the Southern District as well) with an issue that should not (and routinely has not) required judicial involvement. It should promptly respond to Hartford Insurance's reasonable inquiries about the potential page count and agree to production at the reasonably proposed rate of $0.15 per page (apparently regardless of whether the pages are paper or digital).

**ORDERED** on January 26, 2024.

_____
NICHOLAS P. MIZELL
United States Magistrate Judge